OPINION OF THE COURT
Alexander Graves, J.
This case presents a problem with respect to which the court has been able to find no guidance in the reported cases. The facts are simple. Plaintiffs purchased from defendant a water bed about which plaintiffs had many complaints. Not having received satisfaction, they commenced a small claims action, and defendant demanded a jury. The case was tried before me, and the jury rendered its verdict for plaintiffs. During the trial, there was uncontroverted evidence from both sides that the parties conspired to avoid the sales tax by reporting that the sale was made to plaintiff Raymond Cutro’s electrical business. The testimony has established that there was no misunderstanding of the law nor any arguable contention that the sale was not subject to tax. Rather, the parties blatantly reached agreement that the State would be deprived of its lawful tax revenue on this sale.
The court has a responsibility to the State, especially when, as here, a violation of law is clearly established on the record. Perhaps the most comparable situation is the one addressed by the Business Corporation Law § 1312 (a), which provides that a foreign corporation not authorized to do business in this State may not maintain an action in this State until it is so authorized and has paid to the State all fees, penalties and *477 franchise taxes for the period during which it has been doing business without authority.
Accordingly, pursuant to the court’s discretionary authority provided in CPLR 2201, the entry of judgment on the jury’s verdict is stayed until the further order of the court. Plaintiffs may move on notice to terminate the stay upon a showing that all of their tax liability with respect to the subject sale, including interest and penalties, has been satisfied.